Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff Sinoying Logistics Pte Ltd.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    (646) 329-0120
Facsimile:    (646) 328-0121
Matthew J. Cowan (MC 1481)
mcowan@bgmplaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SINOYING LOGISTICS PTE LTD.,

          08-CIV-3754

    Plaintiff,

- against -

**AMENDED COMPLAINT**

YI DA XIN TRADING CORPORATION (PHILIPPINES),
YI DA XIN TRADING CO. LTD. (HONG KONG),
YI DA XIN (HONG KONG) LIMITED,

    Defendants.
-----------------------------------------------------------------X

Plaintiff, SINOYING LOGISTICS PTE LTD, by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, complaining of the defendant YI DA XIN TRADING CORPORATION, YI DA XIN TRADING CO. LTD. (HONG KONG) and YI DA XIN (HONG KONG) LIMITED herein, alleges upon information and belief as follows:

1.    This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.    At all times hereinafter mentioned, Plaintiff, SINOYING LOGISTICS PTE LTD. (hereinafter "SINOYING"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business outside the United States.

3. At all times hereinafter mentioned, defendant YI DA XIN TRADING CORPORATION (hereinafter "YI DA XIN"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Binondo, Manila.

4. At all times hereinafter mentioned, YI DA XIN TRADING CO. LTD. (HONG KONG) and YI DA XIN (HONG KONG) LIMITED (referred to herein collectively as "YI DA XIN (HONG KONG)") were and still are the alter egos, guarantors and/or are otherwise liable for the debts of YI DA XIN TRADING CORPORATION, each with its principal place of business in Hong Kong, China.

5. On January 18, 2008, SINOYING and YI DA XIN entered into a maritime contract, commonly referred to as a GENCON 94 charterparty, for the employment of the vessel M/V ACOAXET LADY. A copy of the charterparty fixture note is attached hereto as Exhibit 1.

6. The charter required SINOYING to deliver the vessel to Santa Cruz, Philippines to load and carry YI DA XIN's cargo to a discharge port which was so be declared upon the vessel's arrival in the load port.

7. In accordance with the charterparty, SINOYING ordered the delivery of the vessel to Santa Cruz, Philippines.

8. YI DA XIN, however, sent a "Note of Cancel" message to SINOYING on January 29, 2008, stating that no cargo would be available for loading and that YI DA XIN was cancelling the charterparty.

9. YI DA XIN resent the identical "Note of Cancel" message to SINOYING on February 4, 2008.

10. YI DA XIN breached the charterparty, refused to perform, and as a result, SINOYING has suffered damages totaling US $440,480.00.

11. YI DA XIN (HONG KONG) were, and still are, the alter egos and guarantors of the charter party and are liable, jointly and severally with YI DA XIN for the damages suffered by plaintiff.

## HONG KONG ARBITRATION

12. Pursuant to the terms and conditions of the GENCON 94 charterparty, all disputes between the parties herein are subject to arbitration in Hong Kong.

13. This action is expressly filed without prejudice to that right.

## REQUESTED RELIEF

14. SINOYING seeks issuance of process of maritime attachment so that it may obtain security up to the amount of US $440,480.00 for its claims under the maritime contract.

15. The defendants cannot be found within this district, but is believed to have assets within this district consisting of cash, funds, freight, hire, credits in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank and other New York City banks and financial institutions.

**WHEREFORE,** Plaintiff prays:

1. That judgment in the sum of US $440,480.00 be entered in favor of SINOYING and against defendants, jointly and severally, together with interests and costs from the date of the defendant's breach of contract;

2. That process of maritime attachment and garnishment be issued and levied against cash, funds, and credits of YI DA XIN and YI DA XIN ("HONG KONG"), in the hands of

American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank or any other bank located in New York, New York, in the sum of US $440,480.00, and that process in due form of law according to the practice of this Honorable Court in cases of Admiralty and Maritime jurisdiction may issue against YI DA XIN, citing it to appear and answer under oath all and singular the matters aforesaid.

3. That pursuant to Rule B of the Special Admiralty Rules of the Federal Rules of Civil Procedure the assets of YI DA XIN and YI DA XIN ("HONG KONG") be seized; and,

4. That the Plaintiff be granted such other, further, and different relief as in law and justice it may be entitled to receive.

Dated: New York, New York
May 14, 2008

                              Bennett, Giuliano, McDonnell & Perrone, LLP
                              Attorneys for Plaintiff

                              Matthew J. Cowan (MC 1481)
                              494 Eighth Avenue, 7th Floor
                              New York, New York 10122
                              Telephone: (646) 328-0120
                              Facsimile: (646) 328-0121
                              mcowan@bgmplaw.com

## VERIFICATION

Matthew J. Cowan, under the penalty of perjury states:

1. That he is an associate at the firm of Bennett, Giuliano McDonnell & Perrone LLP, attorneys for the plaintiff herein; that he has read the foregoing Amended Complaint and knows the content thereof and that the same is true to the best of his knowledge, information and belief.

2. That the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation and no officers or directors are within the district.

3. The sources of deponent's information and the grounds for his belief are statements made by and documents received from representatives of said corporation.

Matthew J. Cowan (MC 1481)

Z:\Documents\All Files\D814 Sinoying Logistics\Pleadings\AmdComp-051308.doc